[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11112
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00008-GMB

ALBERT DAVIS,

Plaintiff - Appellant,

versus

MONTGOMERY COUNTY COMMISSION, et al.,

Defendants,

MONTGOMERY COUNTY DETENTION FACILITY,
DERRICK CUNNINGHAM,
Sheriff, in his individual and official capacity,
LATASHA CAMPBELL,
AMBER FITTS,
WANDA ROBINSON,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 21, 2020)

Before WILSON and JILL PRYOR, Circuit Judges, and CORRIGAN,* District Judge.

PER CURIAM:

This appeal involves an inmate-on-inmate assault that occurred at the Mac Sim Butler Montgomery County Detention Facility in Montgomery, Alabama. Albert Davis, a convicted state prisoner, was being housed at the detention facility for a court appearance when multiple inmates attacked him during the facility's two-hour "cool down" period. Davis, proceeding pro se, filed a 42 U.S.C. § 1983 action against the detention facility and various correctional officers for constitutional violations related to the attack, primarily on an Eighth Amendment "failure to protect" theory. The parties consented to the exercise of jurisdiction by a magistrate judge, who granted summary judgment for all defendants.

On appeal, Davis raises these issues: (1) the district court erred by denying Davis's motion to amend; (2) the district court improperly weighed facts, in violation of the summary judgment standard; (3) the record offers no evidence supporting summary judgment on Davis's official capacity claims against correctional officers Robinson, Campbell, and Fitts; (4) a reasonable jury could conclude that Campbell and Fitts violated Davis's Eighth Amendment rights by

---

* Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

failing to protect him; and (5) Campbell and Fitts are not entitled to qualified immunity because their conduct violated Davis's clearly established rights. [1] The Court does not find reversible error on any of these grounds and only briefly addresses the Eighth Amendment failure to protect claim.

The assault by inmates on Davis was serious and arguably preventable. If negligence by correctional officials was actionable under the Eighth Amendment, Davis might well have a triable case. However, as this Court has recently reiterated:

> "Not 'every injury suffered by one prisoner at the hands of another . . . translates into a constitutional liability for prison officials responsible for the victim's safety.'" Bowen,[2] 826 F.3d at 1320 (omission in original) (quoting Farmer,[3] 511 U.S. at 834, 114 S. Ct. 1970). Prison officials are not constitutionally liable for their negligent, and even civilly reckless, violations of a prisoner's Eighth Amendment rights. . . . "Rather, a prison official violates the Eighth Amendment in this context only when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Bowen, 826 F.3d at 1320 (quotation omitted).

Mosley v. Zachery, 966 F.3d 1265, 2020 WL 4249433, at *9 (11th Cir. July 24, 2020) (citation omitted).

We conclude that Davis failed to meet this standard because, viewing the evidence in the light most favorable to him, no reasonable juror could conclude

---

[1] This Court appointed counsel to represent Davis on appeal. The briefs filed by appointed counsel were well done; the Court appreciates counsels' service.
[2] Bowen v. Warden, Baldwin State Prison, 826 F.3d 1312 (11th Cir. 2016).
[3] Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

that Campbell and Fitts were subjectively aware of a substantial risk of harm.  No evidence in the record showed that Campbell and Fitts, as opposed to other correctional officials, were aware that Davis had enemies in his cell block.  The magistrate judge did not err in granting summary judgment on Davis's Eighth Amendment failure to protect claim.

**AFFIRMED.**